IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAVEN WADE VAUGHN,  ) | |
| ID # 1203298,  ) | |
|     Petitioner,  ) | |
| vs.  ) | No. 3:05-CV-1027-K (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director,  ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal  ) | |
| Justice, Correctional Institutions Division,  ) | |
|     Respondent.  ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Johnson County conviction for aggravated sexual assault in Cause No. F36821. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On October 9, 2003, petitioner pled guilty to aggravated sexual assault, and was sentenced to twenty-six years imprisonment. (Pet. Writ of Habeas Corpus (Pet.) at 2.) He did not appeal his conviction. (*Id.* at 3.) On October 9, 2004, petitioner filed a state application for writ of habeas corpus, (*id.* ¶ 11), that the Texas Court of Criminal Appeals denied on March 2, 2005, *see* Texas

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

Judiciary Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2188875 (accessed November 28, 2006).

In May 2005, petitioner filed the instant petition. He claims that (1) the Court of Criminal Appeals illegally denied his state application for writ of habeas corpus because his guilty plea was null and void; (2) the victim's statement was inadmissible and thus no evidence supports his conviction; and (3) the decision of the Court of Criminal Appeals to deny his state application without written order violated his due process rights. (Pet. at 7-8; Mem. Supp. at 1-8.) He claims that the instant federal petition is timely because the limitations period was tolled while his state application was pending and because the limitations period commenced in February 2004 when the Supreme Court decided *Banks v. Dretke*, 540 U.S. 668 (2004) (decided Feb. 24, 2004) or June 2004 when the Supreme Court decided *United States v. Benitez*, 542 U.S. 74 (2004) (decided June 14, 2004).[2]

In view of the procedural history and nature of petitioner's claims, the Court will consider the timeliness of the instant federal petition for writ of habeas corpus. However, because petitioner asserts two claims related to alleged constitutional violations during the state habeas process, the Court first considers those claims.

## II.  ERRORS IN STATE HABEAS PROCESS

Petitioner alleges error in the manner in which the state courts handled his state habeas application. He claims that the Texas Court of Criminal Appeals illegally denied that application

---

[2] Petitioner initially identifies the latter case as "US v. Dominguez Sanchez [ 124 S. Ct. 2620 (June 2004)]". However, he later identifies the case as "Domiguez Benetiz" and makes arguments based upon the June 2004, *Benitez* opinion. Because the given cite relates to *United States v. Patane*, 542 U.S. 630 (2004); there is no June 2004 Supreme Court decision concerning a Dominguez Sanchez; and petitioner makes arguments that relate to the *Benitez* opinion, the Court liberally construes petitioner's arguments as relying on *Benitez*.

because his guilty plea was null and void. He further claims that the denial without written order violated his due process rights.

The Court addresses these claims at the outset because these arguments raise no claim cognizable under 28 U.S.C. § 2254. Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The courts entertain federal petitions under § 2254 "only on the ground" that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). This Court cannot grant habeas corpus relief "to correct alleged errors in state habeas proceedings." *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors). "[E]rrors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). Such errors necessarily fail "because infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). Petitioner's challenges to the state habeas proceedings merely attack proceedings collateral to his detention and not his detention itself. Accordingly, these claims entitle petitioner to no habeas relief.

### III. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions

for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Although he argues that the limitation period commenced when the Supreme Court decided *Banks* and *Benitez*, neither case recognizes a new constitutional right that the Supreme Court has made retroactively applicable to cases on collateral review. As § 2244(d)(1) relates to this case, the Court will thus calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his cognizable claims.

In this case, petitioner did not appeal his conviction. For purposes of § 2244(d), his judgment of conviction thus became final thirty days after he pled guilty and was sentenced on October 9, 2003. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (noting that a conviction becomes

4

final under Texas law thirty days after the defendant pled guilty and failed to file an appeal). Petitioner's state judgment of conviction thus became final in early November 2003.

With regard to subparagraph (D), the Court determines that the facts supporting the cognizable claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final in November 2003. When the trial court sentenced him on his plea of guilty, petitioner would have known that the victim's statement had been admitted and used against him.

Because petitioner filed his federal petition more than one year after his judgment of conviction became final, a literal application of § 2244(d)(1) renders his May 2005 filing untimely.

## IV. TOLLING

AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a properly filed state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petition on October 9, 2004, he had used approximately eleven months of the year that he had to file his federal petition. That filing, nevertheless, tolled the statute of limitations until the Court of Criminal Appeals denied the petition on March 2, 2005.

5

The AEDPA clock began to run again on March 3, 2005, and the remaining time in the statutory period of limitations elapsed in early April 2005. By the time petitioner filed the instant federal petition in May 2005, the statutory period of limitations had already expired. Although petitioner is entitled to some statutory tolling, such tolling does not make the instant petition timely. Further, nothing in the petition or supporting memorandum indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). In the absence of equitable tolling, the May 2005 filing falls outside the statutory period and should be deemed untimely except for the non-cognizable habeas claims sought to be raised by petitioner.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the instant request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. Petitioner raises claims that are either not cognizable under § 2254 or untimely under the applicable statute of limitations.

**SIGNED this 28th day of November, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE